IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID S. PERRYMAN,

        Plaintiff,

   v.

SAN FRANCISCO SHERIFF'S DEPARTMENT,

        Defendant.

No. C-08-4973 TEH (PR)

ORDER OF SERVICE

Plaintiff, a former pre-trial detainee at the San Francisco County Jail filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that the San Francisco Sheriff's Department ("SFSD") violated Plaintiff's constitutional rights while he was in custody in the San Francisco County Jail. Specifically, Plaintiff alleged that on September 5, 2008, SFSD deputies used excessive force while moving him to a psychological housing unit despite his informing jail officials that he recently suffered a heart attack and needed his heart medication immediately. Plaintiff also alleged that deputies were deliberately indifferent to his serious medical needs during the transport, that the cell move

aggravated his heart condition, that he was moved to housing inappropriate for someone in his condition and that he was served a diet inappropriate for his medical needs.  Doc. #1.  The Court ultimately dismissed the action without prejudice for failure to prosecute.  See Doc. #20.

Plaintiff has since filed several nearly-identical actions in this Court.  See, e.g., Perryman v. San Francisco Sheriff's Dep't., No. C-10-3174 TEH (filed July 20, 2010); Perryman v. San Francisco Sheriff's Dep't., No. C-10-4125 TEH (filed Sept. 14, 2010); Perryman v. San Francisco Sheriff's Dep't., No. C-10-4903 TEH (filed Oct. 28, 2010).  In a separate, recently-filed order, the Court dismissed these actions as duplicative of the instant action, vacated the judgment in the instant action and directed the Clerk to reopen the matter.  The action is now before the Court for initial screening pursuant to 28 U.S.C. 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler,

2

611 F.3d 1202, 1205 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1]  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Liberally construed, Plaintiff's allegations of deliberate indifference to his serious medical needs appear to state a

---

[1] At the time he initiated this action, Plaintiff was awaiting trial in the San Francisco County Jail.  As a pretrial detainee, his medical claim arises under the Due Process Clause, but the Eighth Amendment still serves as a benchmark for evaluating the claim.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

3

1 cognizable 42 U.S.C. § 1983 claim and the Defendants named below
2 will be served.
3          Further, when liberally construed, Plaintiff's allegations
4 also are sufficient to state a cognizable claim against these
5 Defendants for the violation of his constitutional right to be free
6 from the use of excessive force.

                                  II
         For the foregoing reasons and for good cause shown:
         1.   The Clerk shall issue summons and the United States
Marshal shall serve, without prepayment of fees, copies of the
Complaint in this matter, all attachments thereto, and copies of
this Order on Defendants <u>San Francisco Sheriffs Deputies Staily
(Badge #1803), Webster (Badge #1503), Broadamun and Paulson; and
Sergeant Wallace and Lieutenant Tilton</u>, by bringing said copies to
Police Legal, Room 575 (5th Floor), Hall of Justice, 850 Bryant
Street, San Francisco.  The Clerk also shall serve a copy of this
Order on Plaintiff.
         2.   In order to expedite the resolution of this case, the
Court orders as follows:
              a.   No later than ninety (90) days from the date of
this Order, Defendants shall file a motion for summary judgment or
other dispositive motion.  A motion for summary judgment shall be
supported by adequate factual documentation and shall conform in all
respects to Federal Rule of Civil Procedure 56, and shall include as
exhibits all records and incident reports stemming from the events

at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is

granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d. Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED    1/10/2011    
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.08\Perryman-08-4973-reopen-order of service.wpd

7