IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. PERRYMAN, | No. C-08-4973 TEH (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, et al. | |
| Defendants. | |
| _____/ | Doc. #41 |

Plaintiff, a state prisoner, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that the San Francisco Sheriff's Department ("SFSD") violated Plaintiff's constitutional rights while he was in custody in the San Francisco County Jail. Specifically, Plaintiff alleges that on September 5, 2008, deputies from the San Francisco Sheriff's Department used excessive force while moving him to a psychological housing unit despite his informing jail officials that he had suffered a heart attack and needed medication. Plaintiff also contends that the cell move aggravated his heart condition, that he was moved to housing inappropriate for someone in his condition, and that he was served a

diet inappropriate for his medical needs. Doc. #1. Defendants have filed a motion to dismiss for failure to exhaust administrative remedies. Plaintiff has filed an opposition, defendants have filed a reply, and plaintiff has filed a sur-reply. For the reasons set forth below, defendants' motion to dismiss is GRANTED. Doc. #41.

## I.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Under the PLRA, all available administrative remedies must be exhausted and such remedies "need not meet federal standards, nor must they be 'plain, speedy[] and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 739). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (emphasis in original and internal quotations and citations omitted). Broadly stated, the purpose of the PLRA exhaustion requirement is to "afford[] corrections officials time and opportunity to address complaints internally

2

before allowing the initiation of a federal case." Porter, 534 U.S. at 525.

## II.

15 Cal. Code Regs. § 1073 provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. 15 Cal. Code Regs. § 1073(a). Pursuant to Section 1073, the San Francisco Sheriff's Department, whose areas of operation include the City and County of San Francisco's jails and courts, has established a Prisoner Grievance System. It is undisputed that the administrative remedies available to plaintiff and at issue here are those of the San Francisco Sheriff's Department. At the time of the incident, prisoner grievances were handled according to Procedure Number F-06 of the San Francisco Sheriff's Department Policy and Procedure Manual. Doc. #42, ¶¶ 3-5 and Exh. A.

According to Procedure Number F-06, there are two possible methods under the Prisoner Grievance System for addressing plaintiff's complaint of excessive force and inadequate medical care: (1) the formal grievance procedure, and (2) the staff misconduct procedure. In order to exhaust available administrative remedies under either procedure, the prisoner must proceed with several steps that culminate in an appeal decision.

Regardless of the method chosen, a prisoner must fill out a formal grievance form and file it within forty-five (45) days of the incident being grieved and while the prisoner is in custody in the San Francisco County Jail. In the case of a grievance regarding

3

medical care, there is a four-tier grievance procedure. The grievance is collected by the housing deputy, who is required to attempt to resolve the issue. If the prisoner disagrees with the deputy's proposed resolution, he may appeal to the Watch Commander, then the Facility Commander, and then the Custody Division Commander. Appeal decisions by the Custody Decision Commander are final and complete the grievance process. The prisoner's administrative remedies are exhausted once he has received a decision from the Custody Decision Commander. Doc. #42, Exh. A.

In the case of a grievance regarding staff misconduct, there is a two-tier grievance procedure. The grievance is first reviewed by the Facility Commander, who must propose a resolution within seven days. If the prisoner is dissatisfied with the proposed resolution, he may appeal to the Custody Division Commander, who has seven days to make an appeal decision. The prisoner's administrative remedies are exhausted once he has received a final appeal decision from the Custody Decision Commander. Doc. #42 at ¶ 5 and Exh. A.

Failure to exhaust under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A defendant has the burden of raising and proving the absence of exhaustion in an unenumerated 12(b) motion. Id. at 1119-20. In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. If the court concludes a prisoner has not exhausted administrative remedies, the proper

4

remedy is dismissal of the claim without prejudice. <u>Id.</u> at 1120.

### III

Here, the record shows that plaintiff signed his complaint on October 6, 2008, even though the complaint was not mailed until October 23, 2008, and was not filed by the Court until October 30, 2008. Doc. #1. On October 14, 2008, plaintiff filed a grievance regarding the deputy sheriff's alleged excessive force. Doc. #42, Exh. B. The grievance form has no notations under staff member response or supervisor response. Under Facility Commander response, there is a notation that is blacked out in the Court's record, a signature by Captain Ferrigno dated October 15, 2008, and a checkmark next to the box stating "Upheld Grievance Response." Plaintiff does not dispute that he did not file any grievances regarding his medical needs.

Defendants argue that plaintiff failed to exhaust his administrative remedies because he filed the grievance form on October 14, 2008, over a week after he signed his complaint on October 6, 2008. This argument is without merit since plaintiff's suit was commenced on October 30, 2008, and therefore after plaintiff filed his grievance.

Defendants also argue that plaintiff failed to exhaust his administrative remedies because there is no indication that plaintiff pursued any additional remedies beyond his initial completion of the grievance form. Plaintiff acknowledges that he deliberately bypassed the formal grievance process, but argues his administrative remedies were exhausted when Captain Ferrigno signed

5

the grievance form: ". . . since I had an emergency situation, I decided to file the grievance directly to the captain on October 14, 2008, he signed it, and checked the box upheld grievance response making the grievance procedure exhausted." Doc. #45 at 6. Alternatively, plaintiff argues that Captain Ferrigno erred in failing to instruct plaintiff to submit his grievance first to the Facility Commander, and that "[p]laintiff exhausted by completing the grievance . . ." Doc #49 at 3. Plaintiff does not allege that he was informed, reliably or otherwise, that there were no available remedies once Captain Ferrigno signed the grievance form. See, e.g., Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).

      The Court finds that plaintiff's submission of his grievance form to Captain Ferrigno did not exhaust his administrative grievances. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (internal quotations and citations omitted). The San Francisco Sheriff's Department's Prison Grievance System clearly lays out the steps through which a grievance must proceed. Exhaustion of plaintiff's administrative remedies under the Prisoner Grievance Procedure occurs only after the Custody Division Commander has rendered a final decision on the grievance. Plaintiff failed to exhaust administrative remedies when he deliberately bypassed the

6

1 formal grievance process and handed his grievance form directly to
2 Captain Ferrigno.
3       Even if plaintiff's submission of his grievance to Captain
4 Ferrigno was one administrative avenue of obtaining relief,
5 plaintiff was required to exhaust *all* administrative remedies,
6 including the formal prison grievance process set forth above,
7 before he could pursue his § 1983 claim in federal court.  <u>Booth</u>,
8 532 U.S. at 741 n.6; <u>accord</u> <u>Porter</u>, 534 U.S. at 524, <u>cf.</u> <u>Harris v.</u>
9 <u>Baca</u>, 2003 WL 21384306, at *3 (C.D. Cal. June 11, 2003) (rejecting
10 prisoner's contention that his attorney's grievance to the sheriff
11 exhausted his administrative remedies because even if there was
12 another means of remedy available, prisoner is not excused from the
13 prison's established complaint procedure).  Plaintiff did not do so.
14       Plaintiff failed to exhaust his administrative remedies.
15 He did not file any grievances regarding his claim for deliberate
16 indifference to his medical needs, and his submission of a grievance
17 regarding excessive force to Captain Ferrigno did not exhaust his
18 administrative remedies.  Plaintiff's action must be dismissed
19 without prejudice. <u>See</u> <u>Wyatt</u>, 315 F.3d at 1120; <u>see</u> <u>also</u> <u>McKinney v.</u>
20 <u>Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be
21 dismissed without prejudice unless prisoner exhausted available
22 administrative remedies before he filed suit, even if prisoner fully
23 exhausts while the suit is pending).
24 *//*
25 *//*
26 *//*
27 *//*
28

**7**

IV.

For the reasons set forth below, defendants' motion to dismiss is GRANTED. Doc. #41. This action is DISMISSED without prejudice. The Clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED  *03/26/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.08\Perryman-08-4973-order of dismissal-failure to exhaust.wpd